IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA GATES,                              ) | |
|       Plaintiff,                             ) | |
|                                                   ) | |
| vs.                                                    ) | CIVIL ACTION NO. 11-00637-KD-B |
|                                                   ) | |
| HPA SUBWAY, INC., PUJAY DI DI, Inc., ) | |
| and SONNY PATIDAR,                      ) | |
|       Defendants.                          ) | |

## ORDER

This action is before the Court on the Defendants' Motion for Summary Judgment (Doc. 14), Plaintiff' Opposition (Docs. 24, 25), Defendants' Reply (Doc. 26) and Plaintiff's Sur-Reply (Doc. 30); and Defendants' Motion for Leave to Amend Affidavit (Doc. 20), Plaintiff's Response and Motion to Strike (Doc. 22) and Defendants' Reply thereto (Doc. 23).

## I.    Findings of Fact[1]

On November 10, 2011 Jessica Gates ("Plaintiff") initiated this litigation against HPA Subway, Inc., Pujay Di Di, Inc., Irvan Patel[2] and Sonny Patidar,[3] for alleged violations of Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e *et seq*. (against HPA and Di Di), as well as state law claims for invasion of privacy, outrage, assault/battery and negligent/wanton supervision (against all Defendants). (Doc. 1). Stemming from her employment from March-April 2009 as a sandwich artist at two (2) Subway stores (HPA and Di Di) in Monroeville,

---

[1] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant - here, the Plaintiff. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

[2] Plaintiff's Complaint also named Irvan Patel, the Supervisor of the Subway stores at issue, as a defendant; however, he was never served with process and thus is not a defendant in this litigation.

[3] Patidar is the President and partial owner of the Subway stores at issue in this case; he has since changed his name to Suresh Patel. (Doc. 14-2 (Aff. S.D. Patel); Doc. 20-1 (Amended Aff. S.D. Patel)).

Alabama, Plaintiff asserts that her supervisor Irvan Patel ("Patel") sexually harassed her on a daily basis.[4]  (Id. at 3-4).  On April 15, 2009, Plaintiff reported the harassment to Subway's corporate office.  (Id. at 4).  During the week of April 20, 2009, Plaintiff was scheduled to work one (1) day instead of her usual six (6); she asked about the schedule and was told that all of the employees' hours had been reduced.  (Id.)  On April 28, 2009, Plaintiff was told that she was being terminated and when she asked why, she was asked if she had seen an attorney. Gates answered yes and was told she was "no longer needed."  (Doc. 1 at 4).

## II.  Conclusions of Law

### A.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a) (Dec. 2010).  Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

---

[4] That Patel touched her on her breasts almost every day; he would attempt to kiss her and 'stick his tongue out while attempting to kiss her;" once "rubbed his private parts against her buttocks;" and once grabbed her private parts and put his arm between her legs and "then smelled his arm and then rubbed his private parts."  (Id. at 3).

> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).  Defendants, as the party seeking summary judgment bear the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  Celotex, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

**B.    Motion for Leave and Motion to Strike**[5]

Defendants have moved for leave to submit the Amended Affidavit of Defendant Patidar

---

[5] With the December 1, 2010 rules change to Rule 56 of the Federal Rules of Civil Procedure, it no longer appears that motions to strike submitted on summary judgment are appropriate. Revised Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  The Advisory Committee Notes specify as follows: "Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. ***There is no need to make a separate motion to strike***. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." Fed. R. Civ. P. 56, Adv. Comm. Notes, "Subdivision (c)" (2010 Amendments) (emphasis added).

(a/k/a Suresh Patel), to correct certain errors in the original affidavit. (Docs. 20, 20-1). Defendants' Motion (Doc. 20) is **GRANTED**. Nevertheless, Plaintiff has moved to strike Defendant Patidar's Affidavits (including as amended) claiming they are "sham" affidavits. (Doc. 22). As the amended affidavit is allowed, the prior affidavit (Doc. 14-2) is no longer before the Court. Thus, Plaintiff's objections to the original Affidavit (Doc. 14-2) are **MOOT.**

The Eleventh Circuit has articulated the standard for this Court for "sham" affidavits:

When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.

Van T. Junkins & Assocs. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). Only declarations "inherently irreconcilable" with earlier testimony can be disregarded. Tippens v. Celotex Corp., 805 F.2d 949, 954 & n.6 (11th Cir. 1986). Not every discrepancy will justify a court's refusal to consider contradictory evidence. See Lane v. Celotex Corp., 782 F.2d 1526, 1530 (11th Cir. 1986). The Court has reviewed the affidavit and finds that it is not inherently irreconcilable with the prior testimony of Defendant Patidar. Thus, the Plaintiff's objections are **OVERRULED.**

  C. <u>Title VII</u>

Defendants move for summary judgment on the basis that they are not Title VII employers because they did not employ 15 or more employees for each working day in 20 or more calendar weeks in 2008 or 2009, pursuant to 42 U.S.C. § 2000e(b). In support, Defendants HPA and Di Di submit the Affidavit of Sudhir Patidar (a/k/a Suresh Patel) (as amended) stating that neither HPA nor Di Di employed 15 or more employees as required. Defendants also submit the quarterly wage reports that were submitted to the Alabama Department of Industrial Relations as further proof of their position.

Plaintiff challenges the Defendants' claim by disputing the integrity of the facts set forth in the Affidavit (as amended) regarding the number of employees, by noting a discrepancy of a few days in which HPA opened for business among other items.  Plaintiff also argues that when considering whether HPA and Di Di employed the requisite number of employees, the Court should integrate the two (2) entities for purposes of determining Title VII liability.

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex." 42 U.S.C. § 2000e–2 (a)(1).  "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  "To prove a hostile work environment, the plaintiff must show [](1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808-809 (11th Cir. 2010).  However, before a district court may entertain a Title VII claim, the plaintiff must demonstrate that the defendant meets the statutory definition of an "employer." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (providing that "[t]he relief granted under Title VII is against the employer, not individual employees[]").  This is called the

employee-numerosity requirement and it is an element of a plaintiff's claim for relief. Arbaugh v. Y&H Corp., 546 U.S. 500, 505 and 516 (2006).

Specifically, Title VII applies to any employer who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). See e.g., Arbaugh, 546 U.S. at 504-505; Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1244 (11th Cir. 1998). The Supreme Court has explained that the so-called "payroll method," in which an employee "is counted as an employee for each working day after arrival and before departure," should be used to assess the number of employees at a company at a given time. Walters v. Metro. Educ. Enter., Inc., 519 U.S. 202, 211 (1997).[6] The term "current calendar year" refers to the entire year in which the discrimination occurred. Id. at 206-207. In some instances, an employee may have joint employers – more than one employer at the same time – and the basis for finding a joint employer relationship is that "one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of the employment of the employees who are employed by the other employer." Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1360 (11th Cir. 1994). "As the EEOC's standard reflects, an employer is the person, or group of persons, who owns and manages the enterprise." Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 450 (2003).

The Eleventh Circuit instructs that the "single employer" theory guides a determination of whether an entity is a Title VII employer. See, e.g., Lyes v. City of Riviera Beach, 166 F.3d 1332, 1341 (11th Cir. 1999) (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930,

---

[6] Per Walters, 519 U.S. at 211: "[u]nder the interpretation we adopt...all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure[]")).

933 (11th Cir. 1987)). Courts must look beyond the nominal independence of any entity and ask whether the entities should be treated as a single integrated enterprise based on the following: 1) interrelations of operations; 2) centralized control of labor relations; 3) common management; and 4) common ownership or financial control. Lyes, 166 F.3d at 1341. When dealing with private entities, not every factor need be present and no one factor is controlling. Id. at 1341 at note 5. Additionally, the Eleventh Circuit has focused on the role the company played in the allegedly discriminatory action. See e.g., Llampallas, 163 F.3d at 1244-1245 (the joint employer theory "concentrate[s] on the degree of control an entity has over the adverse employment decision on which the Title VII suit is based[]" -- *i.e.*, whether uninvolved bystander)). See also Clark v. St. Joseph/Candler Health Sys., 225 Fed. Appx. 799, 800 (11th Cir. 2007) (noting that the joint employer test is whether the non-direct employer retained sufficient control over the terms and conditions of the employee's employment such that it and the direct employer were joint employers of the employee). If there is a factual dispute regarding this "single employer" issue, it is a question of fact for the jury.

In this case, the alleged violations occurred in 2009 and Plaintiff asserts that the relevant calendar year for determining whether Defendants meet the definition of a Title VII employer is 2009. Defendants, relying on the State of Alabama Department of Industrial Relations Unemployment Tax Internet Wage Reports for Defendants HPA and Di Di, contend that they each had fewer than 15 employees during the relevant time period. (Docs. 14-5, 14-6, 30).

The record reveals as follows for Defendant HPA for 2009: HPA employed 7 employees in March (Doc. 30-1 at 1), 10 employees in April and May, 11 employees in June (Doc. 14-5 at 1), 12 employees in July, 9 employees in August, 10 employees in September (Id. at 3), 7 employees in October, and 5 employees in November and December (Id. at 5). The record

reveals as follows for Defendant Di Di for 2009: Di Di employed 10 employees in January and February, 13 employees in March, 10 employees in April and May, 8 employees in June, July and August, 7 employees in September, October and November, and 6 employees in December. (Doc. 14-6 at 9, 11, 13, 15).  Moreover, despite defendant's contention otherwise, the record supports a finding that if Di Di and HPA are considered an integrated employer, they would meet the definition of employer under Title VII.

As noted *supra*, the employer-numerosity requirement (contingent here on whether or not the Subway stores are a single enterprise) is an essential element of Plaintiff's Title VII claim.  If satisfaction of an essential element of a claim is at issue, "the jury is the proper trier of contested facts."  Arbaugh, 546 U.S. at 501-502 (citing Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150-151 (2000)).  When the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact and the motion for summary judgment denied.  Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987).  The court finds that plaintiff has presented sufficient evidence from which a jury could find that HPA and DiDi constitute an integrated employer for purposes of Title VII.

As to the remaining elements of Plaintiff's Title VII claim, the record reveals that the parties also dispute, with supporting evidence, the facts surrounding the alleged sexual harassment, how and when Defendants responded, and moreover, who was notified of such.  The plaintiff has presented sufficient evidence from which a jury could find HPA liable for sexual harassment. Accordingly, Defendants' motion (Doc. 14) as to Plaintiff's Title VII claim is **DENIED.**

D.    **State Law Claims**[7]

As to the state law claims Plaintiff has asserted against the Defendants – invasion of privacy, assault/battery, outrage and negligent/wanton supervision – the facts upon which Plaintiff bases these claims (the alleged sexual harassment of Plaintiff by Patel) are disputed by the parties. The Court finds that genuine issues of material fact exist regarding these claims such that the Defendant's motion (Doc. 14) on same is **DENIED.**

IV.    **Conclusion**

Accordingly, it is **ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 14) is **DENIED** and Plaintiff's Motion to Strike is **OVERRULED**.

**DONE** and **ORDERED** this **21st** day of **November 2012.**

/s/Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[7] As noted *supra*, Patel is not a defendant and thus any state law claims asserted against him have been abandoned. As such, those allegations are **STRICKEN** from the Complaint (Doc. 1).